**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MOHAMMAD MANSOUR and MARK MOSES,<br><br>            Plaintiff,<br>v.<br><br>FACTORY DIRECT OF SECAUCUS, LLC d/b/a ASHLEY FURNITURE HOMESTORE,<br>            Defendants. | Civil Action No.<br><br>2:13-CV-2443-SDW-SCM<br><br>**ORDER GRANTING INFORMAL MOTION TO AMEND THE SCHEDULING ORDER AND**<br><br>**AMENDED SCHEDULING ORDER**<br><br>**[D.E. 29]** |

  **THIS MATTER** having come before the Court on October 20, 2014 by way of telephone conference and informal motion to modify the scheduling order, and having considered the arguments of all counsel and for good cause having been shown,

  **IT IS** on this Monday, October 20, 2014 ordered that the Scheduling Order is hereby amended as follows:

1. **Motion Practice:** <u>No</u> motions are to be filed without leave from this Court. All dispositive motions must first be the subject of a dispositive motion pre-hearing. These pre-requisites must be met before any motions are filed and the motions will be returned if not met. All calendar or dispositive motions, if permitted, shall comply with L. Civ. R. 7.1(b), and L. Civ. R. 78.1.

2. **Pro Hac Vice Application(s)**: Plaintiff's counsel is reminded that local counsel **must appear** for all in-person and telephone conferences with the Court, sign all papers and stipulations per L.Civ.R. 101.1 (c)(4).

3. **Fact Discovery Deadline**: Fact discovery is to remain open through 12/12/2014. Discovery should be produced on a rolling basis. All fact witness depositions must be completed by the close of fact discovery. No fact discovery is to be issued or engaged in beyond that date, except upon application to the Court and for good cause shown.

4. **Discovery Disputes**: No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court. Counsel "shall confer" in good faith and attempt to informally resolve any discovery disputes <u>before</u> seeking the Court's intervention. L. Civ. R. 37.1(a). Should informal efforts fail within 14 days of the occurrence of the dispute, the dispute shall immediately be brought to the Magistrate Judge's attention via a

    joint letter, not to exceed 6 pages that sets forth: (a) the request; (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believe the response is sufficient.  No further submissions regarding the dispute may be submitted without leave of Court.  Thereafter, the Court will schedule a telephonic discovery conference pursuant to Fed. R. Civ. P. 26(f) if necessary to resolve the dispute.  *See* L. Civ. R. 16.1(f).

a. Trial counsel must meet and confer to resolve any disputes concerning privilege before raising such disputes to the Court.  If the dispute cannot be resolved by a joint proposed Fed.R.Evid. 502(d) order, the Court may refer the parties to a special master.

b. Discovery disputes concerning paper discovery (other than those arising during depositions) are waived if not brought to the Court's attention within 90 days of the Rule 16 conference.  The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date and any objection will be deemed to have been waived.

5. **Expert Disclosures:**  N/A/

6. **Depositions**:  The number of depositions to be taken by each side shall not exceed **ten (10)**.  No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege.  *See* Fed. R. Civ. P. 32(d)(3)(A).  No instruction not to answer shall be given unless privilege is implicated.

    a. If a dispute arises at a deposition, then the parties shall contact Magistrate Judge Mannion during the deposition.

    b. If this case involves multi-party litigation with several attorneys, counsel are to meet and confer regarding deposition dates.  If there is an impasse and counsel (other than the attorney who noticed the deposition and the attorney defending the deposition) are not available, scheduled depositions should go forward.  The unavailable counsel should appear by telephone, send a substitute attorney to cover, etc.

    c. If fact questions, beyond pedigree are asked of a Fed. R. Civ. P. 30(B)(6) witness, the Court may count the deposition as both a fact and a 30(B)(6) deposition.  The transcript should reflect which responses are made as a fact witness and which are made as a 30(B)(6) witness.

7. **Motions to Amend or Add New Parties**:  **Closed**.

8. **Qualified Immunity Motions**.  Motions brought on grounds of qualified immunity should be filed within 120 days of the date prescribed for filing motions to amend the pleadings.  Opposition briefs are due 14 days after that

   filing and reply briefs are due 7 days after the opposition brief.  At no time shall a motion based on qualified immunity be made later than the time for the filing of summary judgment motions.

9. **Dispositive Motions:** All dispositive motions shall be discussed with the Magistrate Judge in advance of filing.  Each party seeking to file a dispositive motion shall submit a letter (up to 5 pages) summarizing the legal basis for their proposed motions and the key undisputed facts upon which it will be based.  Do not include exhibits.  Any opposition letters may not exceed 5 pages.  Motions for summary judgment shall be filed by 1/30/2015  *See* Fed. R. Civ. P. 56(b); Local Civ.R. 7.1.  Opposition is to be filed by 2/13/2015.  Replies are to be filed by 2/20/2015.  The motion will returnable before the Hon. Susan D. Wigenton, U.S.D.J., and the Judge's chambers will advise whether oral argument will be requested.

10. **Agenda Letter**:  The parties will file a joint letter (up to five pages) with the Court on 2/18/2015 itemizing the issues, if any, that need to be discussed in the upcoming telephone conference.

11. **Telephone Conference**:  The court will hold a brief telephone conference regarding discovery on 2/26/2015 **at 11:30 a.m.** Counsel for plaintiff shall initiate the call.  Additional conferences may be scheduled by the Court via text order every 90 to 120 days or as necessary.

12. **Facsimiles:** Judge Mannion will accept the following correspondence by facsimile up to five pages (plus the cover sheet): (a) joint discovery plans; (b) confidential settlement positions; (c) proposed orders; (d) letters advising that settlement has been reached; and truly emergent correspondence.  Courtesy copies of motion papers and exhibits should be delivered to the Court by mail or other carrier.  Counsel should obtain permission from Chambers to fax any other documents.

   **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER OR ANY SUBSEQUENT SCHEDULING ORDERS ENTERED BY THIS COURT MAY RESULT IN SANCTIONS. See Fed.R.Civ.P. 16(f) and 37.**

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

10/20/2014 4:53:20 PM