```
                              SUPERIOR COURT OF NEW JERSEY
                              GRAND JURY OF HUDSON COUNTY
                              INDICTMENT NO. 1375-07-12

STATE OF NEW JERSEY,      )
                          )
         Plaint           )
    vs.                   )           OF
                          )    SECRET GRAND JURY
MOHAMMAD MANSOUR,         )       PROCEEDINGS
                          )
         Defendant.       )
```

Place:   Hudson County Courthouse
         Administration Building
         595 Newark Avenue
         Jersey City, New Jersey 07306

Date:    July 11, 2012

BEFORE:

  THE HUDSON COUNTY GRAND JURY PANEL C

TRANSCRIPT ORDERED BY:

  SAMUEL DE LUCA, ESQ. (De Luca & Taite)

APPEARANCES:

  LAURA MAGNONE, ESQ., HUDSON COUNTY ASSISTANT PROSECUTOR
  Attorney for the State

Transcriber: Karen English
*Karen English Transcription Service*
P.O. Box 1276
Island Heights, New Jersey  08732
(732) 255-1247 - Fax (732) 255-1366

Electronically Sound Recorded
Recording Operator: Unknown

2

## I N D E X

**WITNESSES**            **PAGE**

Officer Coar            4

CONFIDENTIAL          MANSOUR-0002

1      THE CLERK:  On the record.
2      MS. MAGNONE:  Good morning, ladies and
3 gentlemen of the Grand Jury.  The first matter I
4 scheduled for your consideration is State versus
5 Mohammad Mansour.  That is C49 on the calendar.  The
6 charges against Mr. Mansour are as follows: he's been
7 charged with theft by unlawful taking under 2C:20-3,
8 and this occurred between January 2nd, 2012 and January
9 7th of 2012.
10     You're going to hear from one witness, and
11 that's Officer Coar.
12     Can you please ask Officer Coar to come into
13 the Grand Jury?
14     JUROR:  What number are we considering?
15     MS. MAGNONE:  It should be --
16     THE CLERK:  It should be C8.
17     JUROR:  C what?
18     MS. MAGNONE:  Oh, C8.  I'm sorry.  It was
19 written wrong.  Somebody wrote it wrong in my file.
20 C8.  C8, State versus Mohammad Mansour.
21     Would somebody in the back mind going out.  I
22 think whoever calls the officer is not there right now.
23     JUROR:  Sciarrino?
24     MS. MAGNONE:  Officer Coar.
25     THE CLERK:  He's not on the paper, just call

                                    Coar                                4

1    his name.
2           JUROR: No, it's -- his name is not on here.
3           MS. MAGNONE: It's a different witness. It's
4    Officer Coar.
5           THE CLERK: Go out and call the name.
6           JUROR: What's the name, Sciarrino?
7           MS. MAGNONE: Officer Coar.
8           JUROR: Oh, Coar. I'm looking at the --
9           (Witness enters Grand Jury room.)
10          MS. MAGNONE: You just need to be sworn in.
11   O F F I C E R    C O A R, SWORN.
12   EXAMINATION BY MS. MAGNONE:
13       Q    Good morning, Officer.
14   A    Good morning.
15       Q    I'm Assistant Prosecutor Laura Magnone, and
16   the people you see before you are members of the Hudson
17   County Grand Jury. They are inquiring into charges
18   against Mohammad Mansour.
19          Can you please state your full name, spelling
20   your last and your affiliation for the record?
21   A    Scott Coar, I'm a patrolman. Scott, C-O-A-R, with
22   the Secaucus Police Department.
23       Q    Okay. And Officer, I'd like to draw your
24   attention to January 18th of 2012; were you on duty
25   that day?

Coar 5

1   A   I was.

2   Q   And were you dispatched to the Ashley
3   Furniture Home Store located at 925 Paterson Plank Road
4   in Secaucus?

5   A   I was.

6   Q   And was that on a report of a theft that you
7   initially were dispatched to that store?

8   A   Yes.

9   Q   And did you meet with the general manager of
10  the store, a Mr. Sal Sciarrino?  It's spelled, S-C-I-A-
11  R-R-I-N-O?

12  A   I did.

13  Q   Okay.

14      MS. MAGNONE:  I'm warning the members of the
15  Grand Jury, I butcher names.  So, you'll hear me spell
16  them a lot rather than trying to pronounce them.

17  BY MS. MAGNONE:

18  Q   So, you met with the general manager that
19  day?

20  A   Yes.

21  Q   And did he indicate that he wished to report
22  a crime against one of his employees, a individual
23  named Mohammad Mansour?

24  A   He did.

25  Q   And, specifically, did he indicate that the

CONFIDENTIAL

MANSOUR-0005

Coar

1  day before, he had terminated Mr. Mansour's employment
2  with the store?
3  A   Yes.
4      Q   And did he tell you that this incident had
5  arisen when a customer by the name of Deena Youssef
6  (phonetic) had come into the store?
7  A   Yes.
8      Q   And she had previously been working with and
9  bought furniture through Mr. Mansour; is that correct?
10 A   Yes.
11     Q   Okay. And, specifically, she came in and
12 made two installment payments on the purchase of
13 furniture that she had made?
14 A   Yes.
15     Q   And she stated that she made both of these
16 payments to Mr. Mansour?
17 A   Yes.
18     Q   And one payment was on January 2nd of 2012 in
19 the amount of $500?
20 A   Yes.
21     Q   And the second payment was on January 7th,
22 2012 in the amount of $3,009.48?
23 A   Yes.
24     Q   And that was a total of $3,509.48?
25 A   Yes.

CONFIDENTIAL   MANSOUR-0006

```
                          Coar                              7
 1       Q    Okay. And in exchange for those payments,
 2  Mr. Mansour had printed out a receipt for her and wrote
 3  on it "paid in full", correct?
 4       A    Right.
 5       Q    And --
 6       A    She gave him money in cash, and he handed her a
 7  receipt --
 8       Q    Okay.
 9       A    -- with handwritten --
10       Q    Okay. However, that money never actually
11  made it into the payroll system into the computer
12  correct?
13       A    Right.
14       Q    Okay. So, instead, Mr. Mansour actually
15  physically took that money, and then in the computer
16  system, actually, withdrew those items from the
17  computer as though they didn't exist as a purchase?
18       A    Yes.
19       Q    Okay. Now, Mr. Mansour had told the customer
20  that she would be getting a delivery on January 21st,
21  correct?
22       A    Yes.
23       Q    And now, Mrs. Youssef, the purchaser, had
24  come into the store and indicated that she needed to
25  know what was going on with her delivery, correct?
```

1   A   Yes.
2   Q   And that's when a general manager looked in
3   the computer and realized there was no such delivery in
4   there; that it had been deleted from the system?
5   A   Right.
6   Q   Okay.  And Ms. Youssef was able to identify
7   and say that she had been working with Mr. Mansour that
8   day and had paid him, and showed the copies of the
9   receipt that indicated they were paid in full?
10  A   Right.
11  Q   Okay.
12      MS. MAGNONE:  That's all the questions I --
13  and I'm sorry.
14  BY MS. MAGNONE:
15  Q   And you were actually provided with copies of
16  the invoices?
17  A   Yes.
18  Q   Okay.
19      MS. MAGNONE:  Are there any questions for the
20  witness?
21      (No verbal response from Grand Jurors.)
22      MS. MAGNONE:  Seeing no hands.  Thank you,
23  Officer.
24      THE WITNESS:  Okay.  Thank you.
25          (Witness excused.)

Colloquy 9

1  MS. MAGNONE: Ladies and gentlemen, that
2  concludes the testimony against Mohammad Mansour. If
3  you choose to believe the testimony in whole or in
4  part, you may consider the following charges: he's been
5  charged with theft under 2C:20-3.
6  Was that statute read to you?
7  JUROR: No.
8  MS. MAGNONE: Okay. Theft.
9  "A person is guilty of theft if he unlawfully
10 takes or exercises unlawful control over property of
11 another with the purpose to deprive him thereof."
12 Pretty straightforward statute. Does anyone
13 have any questions on it?
14 (No verbal response from Grand Jurors.)
15 MS. MAGNONE: No? Okay. If there's no
16 questions concerning the testimony or the law you
17 heard, I'll leave the matter for your consideration.
18 You may decide to bill, no bill or --
19 (Proceedings concluded.)
20 * * * * * * * *

# CERTIFICATION

I, Karen English, the assigned transcriber, do hereby certify the foregoing transcript of proceedings on electronic recording number 2013-03, electronic recording time from to 11:19:09 to 11:24:55, is prepared in full compliance with the current Transcript Format for Judicial Proceedings and is a true and accurate non-compressed transcript of the proceedings as recorded.

_[signature]_                               #421

SIGNATURE                                   AOC NUMBER


_Karen English Trans. Svc._                 January 13, 2013

AGENCY                                      DATE

CONFIDENTIAL
MANSOUR-0010