IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOHAMMAD MANSOUR and MARK MOSES, | ECF CASE |
| Plaintiffs, | Civil Action No. 13-cv-2443-SDW-SCM |
| v. | |
| FACTORY DIRECT OF SECAUCUS, LLC d/b/a ASHLEY FURNITURE HOMESTORE, | |
| Defendant. | |

## BRIEF IN REPLY

**ARCHER & GREINER, P.C.**
Attorneys At Law
Court Plaza South, West Wing
21 Main Street, Suite 353
Hackensack, New Jersey  07601
Telephone:  (201) 342-6000
Facsimile:  (201) 342-6611
*Attorneys for Defendant*

Of Counsel:
    Steven B. Harz, Esq.

On the Brief:
    Michael S. Horn, Esq.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

PRELIMINARY STATEMENT ........................................................................ 1

RESPONSE TO SEPARATE STATEMENT OF FACTS.................................. 2

POINT I     SUMMARY JUDGMENT IS APPROPRIATE ........................................ 2

POINT II    PLAINTIFFS PROVIDE NO FACTS TO  SUPPORT A
            HOSTILE WORK ENVIRONMENT ........................................................ 3

POINT III   PLAINTIFFS HAVE FAILED TO PROVIDE ANY EVIDENCE
            OF RETALIATION ................................................................................ 8

      A.    Plaintiff Continues to Fail to Establish a Prima Facie Case ..................... 8

      B.    Plaintiff Did Not Engage in Protected Activity ......................................... 9

      C.    There Is No Connection Between Any Alleged Activity and Any
            Termination ................................................................................................ 10

      D.    Plaintiffs Mansour and Moses No Longer Work for Ashley as a
            Result of Their Own Acts ........................................................................... 12

POINT IV    ALL EMPLOYMENT DECISIONS WERE MADE  FOR NON-
            DISCRIMINATORY REASONS ............................................................ 14

POINT V     MANSOUR'S DAMAGES ARE LIMITED AS A MATTER OF
            LAW .......................................................................................................... 17

POINT VI    THE CLAIMS MUST BE SEVERED ...................................................... 18

CONCLUSION................................................................................................... 19

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (U.S. 1986)........................................................................................3

*Andrews v. Philadelphia*,
    895 F.2d 1469 (3d Cir. 1990)...............................................................................4

*Azur v. Chase Bank, USA*,
    601 F.3d 212 (3d Cir. 2010)................................................................................2

*Barber v. CSX Distrib. Servs.*,
    68 F.3d 694 (3d Cir. Pa. 1995)............................................................................9

*Billet v. CIGNA Corp.*,
    940 F.2d 812 (3rd Cir. 1991) .......................................................................14, 16

*Blakney v. City of Philadelphia*,
    559 Fed. Appx. 183 (3d Cir. Pa. 2014) .............................................................11

*Burlington N& Santa Fe Ry.*, 548 U.S. at 68 .............................................................9

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (U.S. 1986)....................................................................................2

*Clark Cnty. Sch. Dist. v. Breeden*,
    532 U.S. 268, 121 S. Ct. 1508, 149 L. Ed. 2d 509 (2001)........................................5

*Cummings-Fowler v. Suffolk County Community College*,
    981 F. Supp. 2d 124 (E.D. N.Y. 2013), appeal withdrawn (2nd Cir. 13-4509)
    (Mar. 11, 2014) ...................................................................................................5

*Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc.*,
    450 F.3d 130 (3d Cir. 2006)................................................................................9

*Dupont-Lauren v. Schneider (USA), Inc.*,
    994 F. Supp. 802 (S.D. Tex. 1998) .....................................................................9

*EEOC v. Bimbo Bakeries USA, Inc.*,
    2010 U.S. Dist. LEXIS 13654 (M.D. Pa. Feb. 16, 2010) .................................7, 8

*El Sayed v. Hilton Hotels Corp.*,
    627 F.3d 931 (2d Cir. 2010) (per curiam)..........................................................11

*Exantus v. Harbor Bar & Brasserie Rest.*,
 386 Fed. Appx. 352 (3d Cir. Jul. 14, 2010) ...................................................................2, 6

*Ezold*, 983 F.2d at 531.*Gibson v. Sharon Reg'l Hosp. Sys.*, 2011 U.S. Dist. LEXIS
 27941 (W.D. Pa. Mar. 18, 2011)..........................................................................................16

*Ezold v. Wolf, Block, Schorr & Solis-Cohen*,
 983 F.2d 509 (3d Cir. Pa. 1992)............................................................................................15

*Faragher v. Boca Raton*,
 524 U.S. 775, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998).......................................................4

*Farrell v. Planters Lifesavers Co.*,
 206 F.3d 271 (3d Cir. 2000)...................................................................................................11

*Fuentes v. Perskie*,
 32 F.3d 759 (3d Cir. N.J. 1994) ............................................................................................14

*Hackman v. Valley Fair*,
 932 F.2d 239 (3d Cir. 1991)...................................................................................................13

*Huggins v. Coatesville Area School Dist.*,
 452 Fed. Appx. 122 (3d Cir. 2011).........................................................................................6

*Hyland v. Am. Int'l Group*,
 360 Fed. Appx. 365 (3d Cir. N.J. 2010) .................................................................................6

*Jensen v. Potter*,
 435 F.3d 444 (3d Cir. 2006), overruled on other grounds by *Burlington N. &*
 *Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S. Ct. 2405, 165 L. Ed. 2d 345
 (2006)......................................................................................................................................4

*Joseph v. HDMJ Restaurant, Inc.*,
 970 F. Supp. 2d 131 (E.D. N.Y. 2013) ...................................................................................5

*Josey v. John R. Hollingsworth Corp.*,
 996 F.2d 632 (3d Cir. 1993)...................................................................................................15

*King v. City of Philadelphia*,
 66 Fed. Appx. 300 (3d Cir. 2003)...........................................................................................7

*Lawrence v. F.C. Kerbeck & Sons*,
 134 Fed. Appx. 570 (3d Cir. 2005).........................................................................................6

*LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*,
 503 F.3d 217 (3d Cir. 2007)..............................................................................................10, 11

*Mardell v. Harleysville Life Ins. Co.*,
  65 F.3d 1072 (3d Cir. 1995)...................................................................17

*Menta v. Comm. Coll. of Beaver Cnty*,
  428 F. Supp. 2d 365 (W.D. Pa. 2006)....................................................16

*Moldowan v. City of Warren*,
  578 F.3d 351 (6th Cir. Mich. 2009) ........................................................3

*Money v. Provident Mutual Life Ins. Co.*,
  189 F. App'x 114 (3d Cir. 2006) ............................................................14

*Nat'l R.R. Passenger Corp. v. Morgan*,
  536 U.S. 101, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002).......................4

*Nicini v. Morra*,
  212 F.3d 798 (3d Cir. 2000) (en banc)....................................................2

*Podobnik v. U.S. Postal Serv.*,
  409 F.3d 584 (3d Cir. 2005)....................................................................2

*Rhett v. Carnegie Ctr. Assoc.*, 129 F.3d 290, 297 (3d Cir. 1997)...............17

*Ridgewood Bd. of Educ. V. N.E. ex rel. M.E.*,
  172 F.3d 238 (3d Cir. 1999)....................................................................2

*Rivera v. Thurston Foods, Inc.*,
  933 F. Supp. 2d 330 (D. Conn. 2013) .....................................................4

*Robinson v. City of Pittsburgh*,
  120 F.3d 1286 (3d Cir. 1997).................................................................12

*Robinson v. Se. Pa. Transp. Auth.*,
  982 F.2d 892 (3d Cir. 1993)...................................................................11

*Saldana v. Kmart Corp.*,
  260 F.3d 228, 43 V.I. 361 (3d Cir. 2001) ...............................................3

*Shattuck v. Kinetic Concepts, Inc.*,
  49 F.3d 1106 (5th Cir. 1995) .................................................................17

*Sheets v CTS Wireless Components, Inc.*,
  213 F Supp 2d 1279, 53 FR Serv 3d 1126 (2002, DC NM) ...................18

*St. Mary's Honor Ctr. v. Hicks*,
  509 U.S. 502 (U.S. 1993)..................................................................10, 16

*University of Tex. Sw. Med. Ctr. v. Nassar*,
  133 S.Ct. 2517, 186 L. Ed. 2d 503 (2013) .........................................11, 12

*Verdin v. Weeks Marine Inc.*,
    124 Fed. Appx. 92 (3d Cir. N.J. 2005) ..................................................................8

*Villanueva v. Wellesley College*,
    930 F.2d 124 (1st Cir.), cert. denied, 116 L. Ed. 2d 143, 112 S. Ct. 181 (1991).....................15

*Waldron v. SL Indus.*,
    56 F.3d 491 (3d Cir. N.J. 1995) ..................................................................15

*Walton v. Mental Health Association of Southeastern PA*,
    1997 U.S. Dist. LEXIS 18224, 1997 WL 717053 (E.D.Pa.1997), aff'd 168
    F.3d 661 (3d Cir. 1999)..................................................................16

*Watkins v. Nabisco Biscuit Co.*,
    224 F. Supp. 2d 852 (D.N.J. 2002) ..................................................................14

*Wehr v. Ryan's Family Steak Houses, Inc.*,
    49 F.3d 1150 (6th Cir. 1995) ..................................................................17

*Williams v. Phila. Hous. Auth. Police Dep't*,
    380 F.3d 751 (3d Cir. Pa. 2004)..................................................................11

**State Cases**

*Andersen v. Exxon Co., U.S.A.*,
    89 N.J. 483 (N.J. 1982)..................................................................3

**Federal Statutes**

42 U.S.C.A. § 2000e et seq...................................................................4

42 U.S.C.A. § 2000e et seq...................................................................5

42 U.S.C.A. § 2000e et seq...................................................................5

42 U.S.C. § 2000e-2..................................................................9

42 U.S.C. § 2000e-2(a)(1)..................................................................8

ADEA ..................................................................9, 11

Title VII ..................................................................*passim*

**State Statutes**

Civil Rights Act of 1964, § 701 et seq...................................................................4, 5

**Rules**

Fed. R. Civ. P. 20(a) ..................................................................................................18

Fed. R. Civ. P. 21 ......................................................................................................18

Fed. R. Civ. P. 42(b) ............................................................................................18, 19

Fed. R. Civ. P. 56 ......................................................................................................13

Fed. R. Civ. P. 56(a) .................................................................................................13

Fed. R. Civ. P. 56(c) ...................................................................................................2

## PRELIMINARY STATEMENT

Plaintiffs come before this Court with claims that are simply hollow and unsubstantial in an attempt to broaden the standards required for bringing such claims. They seek a trial despite the fact that there is not a shred of evidence that their employment situations were caused by any unlawful conduct on the part of Factory Direct of Secaucus, LLC D/B/A Ashley Furniture Homestore ("Ashley"). Their position is that, because the principal of the company is a religious man, he must have discriminated against people who do not share his religious views. However, the Court must review such a claim very carefully because granting such relief on these facts would be tantamount to punishing people for their personal religious beliefs.

Mohammed Mansour ("Mansour") files this claim because he is frustrated by the fact that he cannot commit larceny against Ashley and keep his job. Indeed, Mansour pled guilty to this crime but now claims that his plea, to a court under oath, was a lie. Regardless, Mansour fails to realize that the law does not require companies to keep employees who commit larceny. In fact, it was Mansour who did not want to return to work after he was confronted with evidence of his theft.

As to Mark Moses ("Moses"), he was not terminated but resigned from Ashley. Under-performing at every level, Moses nevertheless wanted to be a sales manager instead of a sales associate. Unhappy as a sales associate, Moses left because he knew that working for Ashley was not the right fit for him. In Plaintiffs' opposition, they present no admissible evidence to dispel the lawful employment actions of Ashley.

The Court should proceed cautiously in this case. There is a strong policy that supports permitting employers to make legitimate employment decisions without fear of liability. At this point, Mansour and Moses have failed to overcome their burden in response to the legitimate

1

business practices of Ashley.   As a result, the only just outcome is for this matter to be dismissed.

## RESPONSE TO SEPARATE STATEMENT OF FACTS

Defendant shall rely upon its response to Plaintiffs' Separate Statement of Facts and shall incorporate those responses into its statement of facts.

## POINT I

## SUMMARY JUDGMENT IS APPROPRIATE.

Summary judgment is appropriate "where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Azur v. Chase Bank, USA*, 601 F.3d 212, 216 (3d Cir. 2010) (quoting *Nicini v. Morra*, 212 F.3d 798, 805-06 (3d Cir. 2000) (en banc) (citing Fed. R. Civ. P. 56(c)). "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." *Id.* (quoting *Ridgewood Bd. of Educ. V. N.E. ex rel. M.E.*, 172 F.3d 238, 252 (3d Cir. 1999)).   *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (U.S. 1986) (holding that "[t]he moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof," thereby "necessarily render[ing] all other facts immaterial" (internal quotation marks omitted)); *see also Exantus v. Harbor Bar & Brasserie Rest.*, 386 Fed. Appx. 352 (3d Cir. Jul. 14, 2010) (noting that "a party opposing summary judgment 'must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue'" (quoting *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005))).

In these cases the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff. *See e.g. Andersen v. Exxon Co., U.S.A.*, 89 N.J. 483, 492-493 (N.J. 1982); *see also Saldana v. Kmart Corp.*, 260 F.3d 228, 232, 43 V.I. 361 (3d Cir. 2001) (explaining that the party opposing summary judgment may not rest upon the mere allegations of the complaint, but must set forth specific facts showing that there is a genuine issue for trial). "The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient," *Moldowan v. City of Warren,* 578 F.3d 351, 374 (6th Cir. Mich. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (U.S. 1986)), and the non-movant's proof must be more than "merely colorable." *Anderson*, 477 U.S. at 249. An issue of fact is "genuine" only if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *Moldowan*, 578 F.3d at 374.

As set forth more fully below, Mansour and Moses have failed to present evidence to overcome their burden of going forward in this case. If the Court were to eliminate the well established burden placed on Plaintiffs in this case, every employee would have a federal cause of action. The "at will" employment relationship would cease to exist. Indeed, in Plaintiff's view of the world, an employee could decide to part ways with his employer for non-actionable reasons and then seek damages from his former employer.

## POINT II

### PLAINTIFFS PROVIDE NO FACTS TO SUPPORT A HOSTILE WORK ENVIRONMENT.

Plaintiffs present insufficient evidence to support a finding that there was a hostile work environment. Indeed, the law does not require a perfect work place. As such, Plaintiffs have

3

failed in their obligation to prove that the alleged conduct is so severe or pervasive that it is actionable.

There is no doubt that a plaintiff must show that the work environment was "permeated with discriminatory intimidation, ridicule, and insult that [was] sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002). The Supreme Court has made it clear that Title VII is "not a general civility code." *Faragher v. Boca Raton*, 524 U.S. 775, 788, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998). Further, Title VII "does not mandate a happy workplace." *Jensen v. Potter*, 435 F.3d 444, 451 (3d Cir. 2006), overruled on other grounds by *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006). A hostile work environment claim requires discrimination based on a protected characteristic that is "severe enough to affect the psychological stability of a minority employee." *Andrews v. Philadelphia*, 895 F.2d 1469, 1482 (3d Cir. 1990).

Conduct that is merely offensive, and not severe or pervasive enough to create an objectively hostile or abusive work environment, meaning an environment that a reasonable person would find hostile or abusive, is beyond the purview of Title VII. Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq. *Rivera v. Thurston Foods, Inc.*, 933 F. Supp. 2d 330 (D. Conn. 2013). Mere "[d]iscourtesy or rudeness," unless so severe or pervasive as to constitute an objective change in the conditions of employment. *Faragher v. City of Boca Raton*, 524 U.S. 775, 787, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998) (alterations in original) (internal quotation marks and citation omitted).

The Supreme Court has formulated a framework for analyzing whether conduct is sufficiently severe and pervasive: "whether an environment is sufficiently hostile or abusive

must be judged by looking at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 270-71, 121 S. Ct. 1508, 149 L. Ed. 2d 509 (2001).

For racist comments, slurs and jokes to constitute a hostile work environment, there must be a steady barrage of opprobrious racial comments. Although there is no threshold magic number of harassing incidents that give rise to a hostile work environment claim, as a general rule, incidents must be sufficiently continuous and concerted in order to be deemed pervasive. Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq. *Cummings-Fowler v. Suffolk County Community College*, 981 F. Supp. 2d 124 (E.D. N.Y. 2013), appeal withdrawn, (2nd Cir. 13-4509) (Mar. 11, 2014). Factors such as frequency of the discriminatory conduct, its severity, and whether it unreasonably interferes, humiliates, or threatens an employee's work performance are used to determine whether an environment is sufficiently hostile to give rise to a claim under Title VII. Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq. *Joseph v. HDMJ Restaurant, Inc.*, 970 F. Supp. 2d 131 (E.D. N.Y. 2013).

Firstly, Plaintiff's claim that Defendant raised insufficient facts in its brief to seek summary judgment on this topic is baseless and it is a hollow attempt to avoid this issue. See Plaintiffs' brief at 16 – 17. The moving papers sufficiently raise these issues and identify the fact that there are insufficient facts for all claims. *See* Defendant's brief p. 6. Secondly, Moses and Mansour argue that isolated comments made by Sciarrino are sufficient evidence for a hostile work environment. *See* Plaintiffs' brief at 8 – 9, 11. Evidence clearly indicates that the comments in Defendants' brief were made in jest. In fact, there were comments made by Mansour to Sciarrino about Sciarrino's heritage. Horn Dec., Ex. 17 at 24:8-10. Indeed,

5

Sciarrino and Mansour shared a close, "personal relationship," Horn Dec., Ex. 17 at 21:23-22:22, even sharing meals and socializing in hookah lounges outside of work, Horn Reply Dec., Ex. 1 at 93:2-16. While the Court may find this jest to be inappropriate, it should not find that they result in an actionable claim.

Sciarrino and Mansour were collogues and therefore those comments do not represent the position of the company. Indeed, there is no requirement that an employer search for and confront two employees who are joking with each other. The Court in *Hyland* indicated as follows: "[I]t would be unfortunate if the courts forced the adoption of an employment culture that required everyone in the structure to be careful so that every remark made every day passes the employment equivalent of being politically correct lest it be used later against the employer in litigation." *Hyland v. Am. Int'l Group*, 360 Fed. Appx. 365, 368 (3d Cir. N.J. 2010).

The Third Circuit has ruled that summary judgment is appropriate when name calling is merely the allegations to support. *Huggins v. Coatesville Area School Dist.*, 452 Fed. Appx. 122 (3d Cir. 2011) (summary judgment evidence that school principal had called employee "boy," and that she had told him that she had been to Caribbean and knew how to treat black people, did not constitute harassment that was so severe and pervasive as to rise to level of hostile work environment actionable under Title VII ); *Exantus v. Harbor Bar & Brasserie Restaurant*, 386 Fed. Appx. 352 (3d Cir. 2010) (alleged conduct of restaurant employee's co-workers and immediate supervisor, including referring to employee as "Haitian Fuck," while unpalatable and inappropriate, was not sufficiently severe or pervasive to support Title VII hostile work environment claim); *Lawrence v. F.C. Kerbeck & Sons*, 134 Fed. Appx. 570 (3d Cir. 2005), petition for cert. filed (U.S. July 22, 2005) (manager's derogatory racial comment during argument with employee was insufficient to establish hostile environment claim under Title VII,

12260751v1

where employee did not have regular contact with manager, and altercation was isolated incident); *King v. City of Philadelphia*, 66 Fed. Appx. 300 (3d Cir. 2003) (incidents in which African-American police officer was subjected to racial epithet by another officer, who also pushed him physically and, on another occasion, threatened to sabotage his work record, were isolated and sporadic and did not demonstrate pervasive atmosphere of harassment required to prove claim under Title VII for hostile work environment.)

In addition, Mansour argues that comments by Eugene Chrinian that he perceived as efforts to convert him to Christianity are actionable. *See* Plaintiff's brief at 10. Mansour's allegations are baseless. However, even if taken as true they are not actionable. There is no case law that suggests that having strong religious beliefs creates a hostile work environment. The remainder of Mansour's claims regarding alleging hostile work environment relates to the investigation of a sexual harassment complaint which did not involve him as the alleged victim. *See* Plaintiff's brief at 11. In fact, Mansour himself did not believe that the allegations had merit. Now that he stands to benefit in a lawsuit, he has changed his position. However, this claim still does not create a hostile work environment for Mansour. There is no law that requires a workplace to be a joyous location where workers have no responsibility and can take anything they want from their employers. The conduct alleged by Mansour is simply not sufficiently egregious to warrant a trial.

Plaintiff relies heavily upon *EEOC v. Bimbo Bakeries USA, Inc.*, 2010 U.S. Dist. LEXIS 13654, 9-10 (M.D. Pa. Feb. 16, 2010), but that reliance is misplaced. In that case the employer made racially derogatory comments about African-Americans often using a word that has such historical racial significance as to render the conduct intolerable. Those facts are different from the within case since these alleged comments were made in jest and Mansour participated in

making racial comments about the speaker. Based upon the undisputed context of the comments, *Bimbo* is simply inapplicable.

Despite Mansour and Moses's misperceptions and new-founded critique of their former employer, there is insufficient evidence to support a finding of sufficiently egregious conduct that would support their hostile work environment claim.

## POINT III

### PLAINTIFFS HAVE FAILED TO PROVIDE ANY EVIDENCE OF RETALIATION.

**A.    Plaintiff Continues to Fail to Establish a *Prima Facie* Case.**

As recognized by the District Court, Title VII makes it unlawful for an employer "to discriminate against any individual  with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1).  For instance, in *Verdin v. Weeks Marine Inc.*, 124 Fed. Appx. 92 (3d Cir. N.J. 2005), a Native American employee alleged that his employer encouraged him to drink alcohol as a result of his stereotypical beliefs and called him a derogatory name. The court affirmed the summary judgment granted to the employer.  The court held that the discrimination and retaliation claims failed because he did not show a causal connection between his termination and engagement in protected activities.

As discussed in more detail below, Plaintiffs have clearly failed to establish a *prima facie* case for retaliation.  There is no evidence that they were retaliated against.  It is undisputed that Plaintiffs were text book examples of bad employees who recognized that they were not fit for these positions.  Horn Reply Dec., Ex. 1 at 71:1-10; *See* Horn Dec. Ex. 17 at 44:20-45:15.  Horn Reply Dec., Ex. 1 at 26:4-27:4.  Their attempts to recreate an alternative story based upon speculation and half-truths cannot create a cause of action.

8

**B.      Plaintiff Did Not Engage in Protected Activity.**

The Third Circuit has required plaintiffs to demonstrate that they made particularized statements in opposition to discrete past events that they believed were prohibited by either Title VII or the ADEA, in order to establish that they engaged in opposition activity. *See Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 701-702 (3d Cir. Pa. 1995) (finding a plaintiff's "letter to Human Resources complain[ing] about unfair treatment in general and express[ing] his dissatisfaction with the fact that someone else was awarded the position, but . . . not specifically complaining] about age discrimination" did "not constitute the requisite 'protected conduct' for a prima facie case of retaliation."). *See also Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc.*, 450 F.3d 130, 135 (3d Cir. Del. 2006) (holding that basic advocacy against a practice does not constitute protected activity for retaliation claim).

Not every complaint or report entitles its author to protection from retaliation under Title VII. *See Burlington N& Santa Fe Ry.*, 548 U.S. at 68 (noting that Title VII does not "set forth a general civility code for the American workplace" (internal quotation marks omitted)). Rather, only complaints about discrimination prohibited by Title VII - that is, discrimination on the basis of race, color, religion, sex, or national origin, 42 U.S.C. § 2000e-2 - constitute "protected activity." *See Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 701-02 (3d Cir. 1995). Thus, for a complaint to amount to "protected activity," it must implicate an employment practice made illegal by Title VII. *See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc.*, 450 F.3d 130, 135 (3d Cir. 2006). In short, a general complaint of unfair treatment is insufficient to establish protected activity under Title VII. *Dupont-Lauren v. Schneider (USA), Inc.*, 994 F. Supp. 802, 823 (S.D. Tex. 1998) ("Vagueness as to the nature of the grievance . . . prevents a protest from qualifying as a protected activity.").

9

Plaintiff Mansour uses self serving statements to claim that he was terminated because he complained about a sexual harassment investigation and the religious zeal of Mr. Chrinian. See Plaintiff's brief at 21 -22.  Firstly, Mansour and Moses were not discharged for any such complaints.  In fact, Mansour and Moses never made the complaints they allege.  Secondly, even if the complaints occurred they are not protected activity.  Title VII does not make it illegal to have strong religious beliefs and it does not make it illegal for a company to come to a logical conclusion regarding an investigation into sexual harassment.  There is no evidence that Mansour and Moses's claims are anything other than an attempt to create a cause of action out of his dissatisfaction with his employment situation.  See Horn Dec. Exs. 3, 4.  In fact, the sexual harassment claim was investigated.  Horn Dec. Ex. 17 at 17:13-19:1; Horn Reply Dec., Ex. 1 at 43:5-58:16.

**C.    There Is No Connection Between Any Alleged Activity and Any Termination.**

Plaintiffs have not adequately alleged a causal connection between their participation in the protected activity and the adverse employment action.  It is noteworthy that the presumption of intentional racial discrimination created by establishing a *prima facie* case fell away when petitioners met their burden of producing evidence showing non-discriminatory reasons for their action.  Indeed, at all times the employee bears the ultimate burden of persuasion. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (U.S. 1993)

The Third Circuit has recognized two primary methods for an employee to establish a causal connection.  First, "[w]here the temporal proximity between the protected activity and the adverse action is unusually suggestive, it is sufficient standing alone to create an inference of causality." *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 232 (3d Cir. 2007). Second, if the temporal proximity is not evidence, the court must determine "whether 'the proffered evidence, looked at as a whole, may suffice to raise the inference'" of a causal

10

connection between the protected activity and the adverse employment action. Id. (quoting *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 280 (3d Cir. 2000)). However, merely engaging in a protected activity prior to suffering an adverse employment action does not give rise to a harm cognizable as retaliation under Title VII or the ADEA. *See, e.g., Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 760 (3d Cir. Pa. 2004).

The Court of Appeals has explained that a plaintiff can substantiate a causal connection between the protected activity and an adverse employment action by:  1) showing that the temporal proximity is "unduly suggestive"; or 2) showing "inconsistencies in the defendant's testimony"; or 3) pointing to ongoing antagonism. *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 280-81 (3d Cir. 2000).  The Supreme Court has recently clarified that, as to the third prong, a plaintiff making a retaliation claim under Title VII "must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *University of Tex. Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2534, 186 L. Ed. 2d 503 (2013).

Temporal proximity alone is insufficient to defeat summary judgment at the pretext stage. *See El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010) (per curiam).  For instance, in *Blakney v. City of Philadelphia*, 559 Fed. Appx. 183, 185-186 (3d Cir. Pa. 2014) the court found that temporal proximity was not sufficiently close to imply direct causation and therefore the court applied a "timing plus other evidence" test to determine whether other facts suggest retaliatory motive. *Farrell*, 206 F.3d at 280.  Other evidence may include, but is not limited to, a "pattern of antagonism" subjecting plaintiff to a "constant barrage of written and verbal warnings and . . . disciplinary actions, all of which occurred soon after plaintiff's initial complaints." *Robinson v. Se. Pa. Transp. Auth.*, 982 F.2d 892, 894 (3d Cir. 1993).

12260751v1

Plaintiffs argue that because there was some temporal proximity to their new found allegations and their separation from employment, which they chose, there are sufficient facts to maintain a cause of action. *See* Plaintiffs' brief at 24. However, they merely come to this Court with speculation regarding these complaints. All evidence indicates that both Moses and Mansour are no longer employees because of their own actions. Simply put, Moses resigned and Mansour stole. *See* Horn Dec. Exs. 17 at 44:5-8, 16 at 28:1-7; Horn Reply Dec., Ex. 1 at 21:12-18, Horn Reply Dec., Ex. 1 at 71:1-10. There is insufficient evidence to refute these legitimate reasons that Moses and Mansour are no longer working at Ashley.

**D.**   **Plaintiffs Mansour and Moses No Longer Work for Ashley as a Result of Their Own Acts.**

In *Nassar*, the Supreme Court held that a plaintiff alleging retaliation under Title VII must show that the protected activity was a "but-for" cause of the alleged adverse action. See *University of Tex. Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2534, 186 L. Ed. 2d 503 (2013). Indeed, "the mere fact that adverse employer action occurs after a complaint will ordinarily be insufficient to satisfy the plaintiff's burden of demonstrating a causal link between the two events." *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1302 (3d Cir. 1997). In addition, in order to establish a *prima facie* case of discrimination the employee must have suffered an adverse employment action.

Here, nothing refutes the fact that Moses was an employee with poor performance who recognized that he was not a good fit for the position. *See* Horn Dec. Exs. 17 at 44:5-8, 16 at 28:1-7; Horn Reply Dec., Ex. 1 at 21:12-18. As for Mansour, he decided to no longer work at Ashley when he was confronted with video evidence that he stole from the company. Horn Reply Dec., Ex. 1 at 71:1-10. There is no evidence that contradicts those legitimate reasons for discharge.

12

Consistent with Moses and Mansour's attempt to fabricate a case, they have submitted affidavits to "recreate the story." However, those affidavits must be dismissed as sham affidavits. Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate when there is "no genuine dispute as to any material fact." The "sham affidavit doctrine" is recognized pursuant to Federal Rule of Civil Procedure 56 as a way of showing that there is no genuine issue of material fact. The "sham affidavit doctrine" is based on Federal Rule of Civil Procedure 56. In *Hackman* the Third Circuit held that "a plaintiff's affidavit contradicting his prior deposition testimony does not create a factual dispute barring summary judgment." *Hackman v. Valley Fair*, 932 F.2d 239, 240 (3d Cir. 1991). In their depositions, plaintiffs have already testified about the circumstances of their discharge and yet they now bring up new information which attempts to contradict and add to their testimony. *See* Defendants' response to Plaintiff's Separate Statement of Facts.

The Court described the "sham affidavit" doctrine noting that, "we have held that a party may not create a material issue of fact to defeat summary judgment by filing an affidavit disputing his or her own sworn testimony without demonstrating a plausible explanation for the conflict." *Hackman v. Valley Fair*, 932 F.2d 239, 241 (3d Cir. 1991). The Court noted that it would greatly diminish the utility of screening out cases through summary judgment motions if a party who has been deposed at length could later file an affidavit contradicting his testimony. *Id.*

Here, Plaintiffs' newfound version of events is nothing more than an ill-advised attempt to alter the evidence already in the case. Indeed, Plaintiffs had ample opportunity to testify about these facts at their deposition, but have chosen to manufacture these facts in order to attempt to defeat summary judgment. The Court must summarily reject attempts to pollute the record with new and contradictory testimony.

13

## POINT IV

## ALL EMPLOYMENT DECISIONS WERE MADE
## FOR NON-DISCRIMINATORY REASONS.

Assuming, *arguendo*, Mansour met his burden of production to establish a *prima facie* case of discrimination, the burden would then shift to Ashley to articulate a legitimate, non-discriminatory reason for the discharge.   However, the burden placed on an employer to articulate a legitimate non-discriminatory reason for its employment action is "relatively light." *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. N.J. 1994); *Watkins v. Nabisco Biscuit Co.*, 224 F. Supp. 2d 852, 868 (D.N.J. 2002).  Indeed, "[t]he employer satisfies its burden of production by introducing evidence which, taken as true, would permit the conclusion that there was a non-discriminatory reason for the unfavorable employment decision." *Id.* at 763.

Ashley easily satisfies its burden based on the undisputed facts of this case.  The Court of Appeals has recognized that an employee's violation of a company policy constitute a legitimate, non-discriminatory reason for disciplining the employee.  *Money v. Provident Mutual Life Ins. Co.*, 189 F. App'x 114, 116 (3d Cir. 2006).  *See Billet v. CIGNA Corp.*, 940 F.2d 812, 816 (3rd Cir. 1991) ("Indirect evidence must be enough to support a reasonable inference that the reasons given for the employment decision are pretextual.  Merely reciting that [race] was the reason for the decision does not make it so."); *see also Watkins v. Nabisco Biscuit Co.*, 224 F. Supp. 2d 852 (D.N.J. 2002).

Here, both Moses and Mansour were unwilling to honor their commitments to Ashley in good faith.  Moses simply failed to sell a sufficient amount of items and was found sleeping at work.  *See* Horn Dec. Ex. 17 at 44:20-45:15.  Horn Reply Dec., Ex. 1 at 26:4-27:4.  Mansour stole from Ashley and when he was confronted by the company he decided to remove himself from the company to avoid facing the consequences of his deleterious actions.

14

Now the burden shifts back to Plaintiffs. However, these Plaintiffs simply have come up short in overcoming their burden to defeat summary judgment. A plaintiff who has made out a *prima facie* case may defeat a motion for summary by either (i) discrediting the proffered reasons, either circumstantially or directly, or (ii) adducing evidence, whether circumstantial or direct, that discrimination was more likely than not a motivating or determinative cause of the adverse employment action. *Waldron v. SL Indus.*, 56 F.3d 491, 495 (3d Cir. N.J. 1995).

To discredit the employer's proffered reason, plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent. *See Villanueva v. Wellesley College*, 930 F.2d 124, 131 (1st Cir.), cert. denied, 116 L. Ed. 2d 143, 112 S. Ct. 181 (1991). Rather, the non-moving plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them "unworthy of credence," *Ezold*, 983 F.2d at 531, and hence infer "that the employer did not act for [the asserted] non-discriminatory reasons." *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 638 (3d Cir. 1993) (internal quotation omitted); *see id.* at 638 (holding that the proper inquiry is whether the plaintiff has proffered sufficient evidence of "inconsistencies and implausibilities in the employer's proffered reasons"); *Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 527 (3d Cir. Pa. 1992) While this standard places a difficult burden on the plaintiff, "it arises from an inherent tension between the goal of all discrimination law and our society's commitment to free decision-making by the private sector in economic affairs." *Ezold*, 983 F.2d at 531.*Gibson v. Sharon Reg'l Hosp. Sys.*, 2011 U.S. Dist. LEXIS 27941 (W.D. Pa. Mar. 18, 2011) (Plaintiff former employee's race discrimination claims

failed because the employee did not show that the legitimate reasons offered by defendant former employer were pretext for discrimination because, inter alia, the employer's stated reasons for the employee's termination were not so implausible that they were unworthy of credence, and there was insufficient evidence adduced to show that the employer previously discriminated against the employee).

There is no law that requires companies to keep employees that engage in theft of merchandise. Equally, there is no law that requires employer to keep employees that do not produce results. There is a plethora of testimony that articulates that non-discriminatory reasons for the fact that Plaintiffs are no longer employed with Ashley.

In response to the mountain of evidence that has been presented by Ashley illustrating its lawful conduct and good faith, Plaintiffs now attempt to defeat summary judgment with their own subjective beliefs regarding their performance and treatment. However, a plaintiff's subjective belief regarding his performance problems is evidence of pretext is not relevant; rather, it is the employer's belief that governs. *See Billet v. CIGNA Corp.*, 940 F.2d 812, 825 (3d Cir. 1991), overruled in part on other grounds by St. Mary's Honor Ctr., 509 U.S. 502, 113 S. Ct. 2742, 125 L. Ed. 2d 407 ("[T]he fact that an employee disagrees with an employer's evaluation [of her performance] does not prove pretext"). Furthermore, a plaintiff's subjective opinion that he was treated unfairly is not enough to show pretext. Rather, the evidence of record must support a finding that the defendant "made up" its reason. *Menta v. Comm. Coll. of Beaver Cnty*, 428 F. Supp. 2d 365, 376 (W.D. Pa. 2006). Even if the termination of a plaintiff was in error or unwise, it is still not a cognizable claim. *See Walton v. Mental Health Association of Southeastern PA*, 1997 U.S. Dist. LEXIS 18224, 1997 WL 717053 (E.D.Pa.1997), aff'd 168 F.3d 661 (3d Cir. 1999) ("[E]mployers are entitled to make employment decisions which are

unpopular, unwise, and even unjust as long as they do not do so for discriminatory reasons.")
(citing Rhett v. Carnegie Ctr. Assoc., 129 F.3d 290, 297 (3d Cir. 1997)).

Plaintiffs seek to have this Court conduct a trial based upon speculative and self-serving statements. However, case law makes it clear that permitting a trial to proceed based upon such a low threshold is not only contradictory to well established case law but it would be affront to well established policy considerations regarding an employer's right to make lawful employment decisions without the fear of meritless legal claims.

## POINT V

## MANSOUR'S DAMAGES ARE LIMITED AS A MATTER OF LAW.

Mansour claims in his response that defendant was not aware of the theft until a few days after his discharge. If Plaintiff's version is to be believed, then as a matter of law his damages stopped accruing after only a few days.

Specifically, since Mansour's theft would have obviously resulted in termination, the after-acquired evidence limits his damages. *See Shattuck v. Kinetic Concepts, Inc.*, 49 F.3d 1106, 1108-09 (5th Cir. 1995) ("would have fired" standard, rather than "would not have hired" standard, applies to after-acquired evidence of resume fraud in discriminatory discharge case); *see also Wehr v. Ryan's Family Steak Houses, Inc.*, 49 F.3d 1150, 1154 n.5 (6th Cir. 1995). As such, back pay should run from the discharge to the time that the wrongdoing was discovered. *See Mardell v. Harleysville Life Ins. Co.*, 65 F.3d 1072, 1073-1074 (3d Cir. 1995).

Mansour, under oath, plead guilty to stealing from Ashley. *See* Horn Ex. 6. Now, similar to his sham affidavit, Mansour claims he only took a plea, under the penalties of perjury, at the advice of counsel for avoid a harsher sentence. Mansour Aff. ¶ 36. However, the Court should summarily dismiss this backtracking. A plea is given the same amount of weight as a conviction after a finding of proof beyond a reasonable doubt. As such, it cannot be contested that

17

Mansour's egregious conduct places a bar on his damages. As a result of this uncontested evidence, the Court must limit his available damages.

## POINT VI

### THE CLAIMS MUST BE SEVERED.

The claims must be severed because they are not similarly situated plaintiffs and a joint trial would be prejudicial to the defendant. Specifically, Rule 20(a) of the Federal Rules of Civil Procedure permits all persons to be joined "in one action as defendants if there is asserted against them . . . (1) any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and (2) if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). Rule 21 cures misjoinder of any defendant by allowing a court to drop a party at any stage of the litigation, or sever any claim against a party to be proceeded with separately. Fed. R. Civ. P. 21. *See e.g. Sheets v CTS Wireless Components, Inc.*, 213 F Supp 2d 1279, 53 FR Serv 3d 1126 (2002, DC NM) (where employees' individual claims, as pled, were not transactionally related because while claims involved similar legal issues and rested upon same legal theories but turned on distinct facts that were unique to each of employees, and as such there was no logical relationship to binding together employees' individual claims.)

In granting severance the court can rely upon Rules 20(a) and 42(b) of the Federal Rules of Civil Procedure. Rule 20(a) provides for permissive joinder where there exist (1) a "right to relief . arising out of the same transaction [and] occurrence," and (2) "common questions of fact or law" as required under Rule 20(a). Rule 42(b) provides for separate trials where the efficiency of a consolidated trial was outweighed by its potential prejudice. Fed.R.Civ.Proc. 42(b). In addition, Rule 42(b) provides that the court may, "in furtherance of convenience or to

avoid prejudice, or when separate trials will be conducive to expedition and economy," order separate trials of any claims or issues.

Here, Moses and Mansour have completely separate claims. They are not similarly situated employees. As such, they have asserted their claims together in order to unduly prejudice Ashley by having a trial involving two employees rather than one. This is unfair. Each Plaintiff must stand on their own set of facts. Therefore severance is the only way that this Court can avoid the unfairness that results from a combined claim instituted by these two different plaintiffs.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court grant Defendant's motion for summary judgment.

ARCHER & GREINER, P.C.
Attorneys for Defendant

By:_____
Michael S. Horn, Esq.

Dated: March ___, 2015

19