

401 Park Avenue South
New York, NY 10016
p. 212.571.2000 f. 212.571.0505

930 Montgomery Street
San Francisco, CA 94133
p. 415.262.0096 f. 212.571.0505

www.ottingerlaw.com

**George D. Vallas**
george@ottingerlaw.com

March 20, 2015

<u>**VIA ECF**</u>

Hon. Susan D. Wigenton
United States District Judge
United States District Court
District of New Jersey
50 Walnut Street
Newark, New Jersey 07101

    Re:       *Mansour, et al. v. Factory Direct of Secaucus, LLC*
                  Case No. 13-cv-2443 (SDW)(SCM)

Dear Judge Wigenton:

This firm is counsel to Plaintiff in the above-referenced action. We write respectfully in advance of oral argument on Defendant's Motion for Summary Judgment, currently scheduled for March 31, 2015, regarding certain allegations raised by Defendant for the first time in its Reply. (*See* Reply Brief 13 (ECF # 42-4)). Specifically, Defendant incorrectly asserts that the affidavits of Plaintiffs Mansour and Mohammed filed in opposition to Defendant's motion (ECF # 40-7 and # 40-8) should be disregarded as "sham affidavits," despite failing to offer a single instance where either affidavit contradicts the sworn deposition testimony of either Plaintiff.

It is well established that "[a]n inherent requirement of a sham affidavit is that the affiant's statement must contradict deposition testimony." *Brown v. Showboat Atlantic City Propco, LLC*, 08–5145(NLH), 2010 WL 5237855, at *4 (D.N.J. Dec. 16, 2010); *see also Jimenez v. All American Rathskeller, Inc.*, 503 F.3d 247, 251 (3d Cir. 2007); *Baer v. Chase*, 392 F.3d 609, 624 (3d Cir. 2004). Defendant's conclusory allegations that Plaintiffs' affidavits are an attempt to "fabricate a case" or "recreate the story" notwithstanding, there is no question that they do not contradict any aspect of either Plaintiff's deposition testimony.

In fact, Defendant does not even assert that the affidavits actually contradict Plaintiffs' testimony. Instead, the only issue Defendant takes with the affidavits is that Plaintiffs purportedly had the opportunity to testify about the same subject matter during their depositions. (*See* Brief at 6-7). As noted above, this is a fundamental misstatement of the sham affidavit doctrine. The District of New Jersey has held conclusively that a contradiction between the affidavit and the affiant's deposition testimony is a fundamental requirement of invoking the doctrine. *Brown*, 2010 WL 5237855, at *4. Indeed, this rule is further reinforced by the very case cited by Defendant in support of its argument. *See Hackman v. Valley* Fair, 932 F.2d 239, 240 (3d Cir. 1991) ("a plaintiff's affidavit *contradicting his prior deposition testimony* does not

Hon. Susan D. Wigenton
March 20, 2015
Page 2 of 2

create a factual dispute barring summary judgment." (emphasis added)). Insofar as Defendant has identified no such contradiction, it has failed to establish that Plaintiffs' affidavit are a sham.[1]

Defendant's argument is especially misguided with respect to Plaintiff Mansour. Although Defendant claims now that Mr. Mansour "had ample opportunity to testify" about the circumstances of his termination at his deposition, Defendant in fact did not ask a single question regarding Plaintiff Mansour's termination or allegations of theft at that time. (*See generally* ECF #33-22). His affidavit is therefore not only entirely consistent with the pleadings in this matter, but also consists only of elaborations and clarifications to his deposition testimony, which were made necessary by the deposing counsel's decision not to explore all of the relevant and material aspects of his testimony. Defendant is simply not entitled to deny Plaintiffs the opportunity to elaborate on their answers or explore relevant subject matter and then insist that subsequent affidavits—which contains precisely such elaborations—must be disregarded.

Plaintiffs therefore respectfully request that this Court reject Defendant's argument that the Plaintiffs' affidavits are a sham and, in light of the genuine issues of material fact plainly evident in the record, deny Defendant's motion for summary judgment.


Respectfully Submitted,

George Vallas


cc: Michael S. Horn, Esq. (by ECF)

---

[1] It is moreover important to note that, even had Defendant identified a contradiction—which it has not—the Third Circuit has adopted a "flexible approach" towards the sham affidavit doctrine, pursuant to which an affidavit, even if contradictory, is not a sham to the extent either: (a) there is independent evidence in the record to bolster the otherwise questionable affidavit or (b) the affiant can offer a satisfactory explanation for the conflict between the prior deposition and the affidavit. *Jimenez*, 503 F.3d, at 254. In this regard, courts in this District have consistently held that "an affidavit is not a sham if the affiant did not have all available information at the time of the deposition, or the subsequent affidavit clarifies or further elaborates upon ambiguous testimony." *Brown*, 2010 WL 5237855, at *4. Moreover, an affidavit that explains certain aspects of the affiant's deposition testimony that caused confusion cannot be considered a sham. *Baer*, 392 F.3d at 625. Defendant's argument fails to address any of these elements and, to the extent Defendant failed to explore all relevant aspects of the case in their depositions of Plaintiffs, the affidavits contain precisely the type of clarifications and elaborations envisioned by the Third Circuit.